[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13305
The defendant is fifty-nine and the plaintiff is sixty-one. The parties have been married for thirty-four years. The plaintiff came to Danbury from Kuwait in 1980 with their five children who are no longer minors, and the defendant came in 1996 after overcoming immigration problems. The parties separated and the defendant left in 1992. The plaintiff now works forty hours per week as a nurse's aide and has essentially worked since her marriage and at the same time raised the five children with little financial help or support from the defendant. She has been the primary care giver and all five children have had the benefit of college educations due to her effort. She purchased a home at 15 Nabby Road in Danbury in 1981 and paid $40,000 for same and assumed a mortgage of an additional $40,000. The plaintiff has a strong work ethic but has developed circulatory and back problems. Except for her home that has a present equity of approximately $36,000, she has minimal assets other than her weekly pay check in the amount of $402.49. She derived some funds from the sale of real estate in Lebanon but everything she acquired went into the maintenance of her home and the care and education of the parties' children.
The defendant, age fifty-nine, while living with the plaintiff, worked at a gas station for approximately four and one-half years. He subsequently became a taxi driver but was assaulted on January 24, 1998 while operating the cab and he claims, since then, to have been unemployed. He claims that part of the funds she used for the purchase of the Danbury home, as well as other funds, should be attributed to him but the long and short of it she used all of the funds to raise their five children and her present assets are at best minimal. He will soon be moving from his present residence and testified that he will start working again full-time. He has up until last month been making deliveries for a local bakery. He has the ability to work and generate a modicum of income.
The Court finds that the breakdown of the marriage is due to the fault of the defendant.
The court has considered all of the statutory criteria enumerated in §§ 46b-81(c) and 46b-82 of the Connecticut General Statutes as well as the testimony of the parties and witnesses in arriving at a decision in this matter. CT Page 13306
The Court finds that it has jurisdiction. The marriage has broken down irretrievably. The allegations of the complaint have been proven and are true.
ORDERS:
1. The marriage is dissolved on the grounds of irretrievable breakdown § 46b-40(c).
2. The real estate located at 15 Nabby Road, Danbury, shall be the exclusive property of the plaintiff and she shall continue to be responsible for the existing mortgage.
3. The defendant shall pay to the plaintiff as alimony the sum of $35 per week commencing one week from the date of this judgment until her death, remarriage, or cohabitation with an unrelated male.
4. The plaintiff shall, if allowed to do so by plaintiff's insurance carrier, add defendant to her health insurance policy at no cost to her. Any additional cost to the plaintiff shall be paid for in advance by the defendant. If the plaintiff no longer needs medical insurance coverage she will be required to maintain coverage for the defendant if it can be maintained at no expense to her.
Owens, J.